QUINTERO, PLAINTIFF AND APPELLANT, *v.* MORALES, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 1, in an Action of Debt.

No. 1496.—Decided April 10, 1917.

RES JUDICATA—IDENTITY OF SUBJECT-MATTER, CAUSES OF ACTION AND PARTIES.—
  The evidence shows the plaintiff and defendant to be the same in this as in a former action; that they litigated in the same capacity in each, the plaintiff, in his character of heir, claiming certain property from the defendant which he alleged the latter was under obligation to deliver to him, or its equivalent in money; that the subject-matter in both actions are the same; and, finally, that the causes of action are also identical. *Held:* That

the judgment rendered in the first action, holding that the action had prescribed, being conclusive, the plaintiff is estopped under the doctrine of *res judicata,* as defined in section 1219 of the Civil Code, from bringing another action, regardless of any errors that may have occurred in the first.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for the appellant.

*Mr. José R. F. Savage* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the year 1913 Bernardo Quintero and his brother filed a complaint in the District Court of San Juan, Section 1, against Justina Morales, alleging that upon the death of their maternal grandmother, María de León, in 1863, her estate was partitioned in that year and some cattle and a certain number of *cuerdas* of land were awarded in equal parts to the said two brothers, represented by their grandfather, Felipe de León García; that their said grandfather and tutor had charge of the said property until 1887 when Ramón Oriozabala, who had been entrusted with its management, delivered the same before a notary to Justina Morales, the wife of their tutor, who had general power of attorney from said tutor, and also delivered to her some money and furniture; that the defendant has delivered the land to them but not the furniture, money, and cattle, wherefore they pray that she be adjudged to make such delivery. This case was terminated by a final judgment of August 12, 1913, dismissing the complaint on a demurrer filed by the defendant pleading that the action was barred by limitation.

Later, in the year 1914, Bernardo Quintero alone filed an amended complaint against Justina Morales alleging that he and his brother Pedro inherited several head of cattle and some land, furniture and money from their grandmother, María de León, in equal shares; that upon the death of their grandmother the said property was left in the possession of Ramón Oriozabala, who later delivered the same by a public instrument to Justina Morales; that the defendant has delivered the land to them, and that if she did not deliver to

him the other property she should pay him the value thereof; therefore he prayed that the defendant be adjudged to deliver to him the moiety belonging to him or in default thereof to pay him a certain sum of money.

Among the evidence introduced at the trial was the instrument of March 26, 1887. Oriozabala and Justina Morales, the latter as general attorney in fact of her husband, Felipe de León, were the parties to the instrument, and after reciting that in 1883 the former had received from Felipe de León the property of the minors, Bernardo and Pedro Quintero, for management, he thereby delivered the same to Justina Morales, who received it in her capacity of attorney in fact.

Other evidence consisted of the record of the action and judgment mentioned at the beginning of this opinion.

After the plaintiff had rested the defendant moved the court to dismiss the complaint on the ground of *res judicata,* and by its judgment of November 11, 1915, the lower court so held, from which judgment the present appeal was taken by the plaintiff.

In view of the foregoing, it is so clear that the demurrer, on the ground of *res judicata,* was properly pleaded by the defendant and sustained by the court that we need not consider the question at length. The grounds defined in section 1219 of the Revised Civil Code as necessary to support a a plea of *res judicata*—that is, the most perfect identity of subject-matter, causes of action, persons of the litigants and their capacity as such—are to be found in this case. In both actions Bernardo Quintero was plaintiff and Justina Morales defendant; in both they litigated in the same capacity, the appellant as heir claiming property from the appellee whom he considered bound to deliver the same to him or its equivalent in money; the subject-matter in both actions is the same, and, finally, the cause of action is also identical. Therefore the first action having been disposed of by final judgment holding that the action to recover was barred by limitation, the plaintiff is estopped under the doctrine of *res judicata*

from bringing another action, whatever may have been the errors committed in the first.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.